J-A04011-16

2016 PA Super 125

| DOMINICK D. DIPAOLO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMES PUBLISHING COMPANY, D/B/A ERIE TIMES NEWS, CYBERINK, LP, D/B/A GOERIE.COM, LISA THOMPSON, EDWARD PALATELLA JR., AND MICHAEL MACIAG, | |
| Appellants | No. 1713 WDA 2014 |

Appeal from the Order October 10, 2014
In the Court of Common Pleas of Erie County
Civil Division at No(s): 14004-2011

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

DISSENTING OPINION BY SHOGAN, J.:　　　　　**FILED JUNE 15, 2016**

Because I am of the opinion that neither Thompson's notes on the November 10, 2010 hearing nor the reporters' spreadsheet are crucial to Judge DiPaolo's case, I respectfully dissent.

> The qualified First Amendment [reporter's] privilege protects members of the news media from divulging their sources, including unpublished information. ***See United States v. Cuthbertson***, 630 F.2d 139, 147 (3d Cir.1980); ***Riley v. City of Chester***, 612 F.2d 708, 714-15 (3d Cir.1979).  This privilege, designed to protect freedom of the press by insuring a free flow of information to reporters, will be overcome only where a demonstrated, specific need for evidence presents a paramount interest to which the privilege must yield.  ***Riley v. City of Chester***, ***supra*** at 715-716 (citing ***United States v. Nixon***, 418 U.S. 683, 713 (1974)).  The determination of whether the privilege has been overcome must be made on a case-by-case basis, balancing the rights of reporters under the First Amendment against the interests of those seeking the

> information the reporters possess. *Id.*; *McMenamin v. Tartaglione*, 590 A.2d 802, 811 (Pa. Cmwlth. 1991). This balancing of interests will tip in favor of disclosure of information where: 1) the information sought is material, relevant and necessary; 2) there is a strong showing that it cannot be obtained by alternative means, and 3) the information is crucial to the plaintiff's case. *Riley v. City of Chester*, *supra* at 716-717; *McMenamin v. Tartaglione*, *supra*.

*Davis v. Glanton*, 705 A.2d 879, 885 (Pa. Super. Ct. 1997).

The trial court ordered production of the notes taken by Thompson on the Unicredit court hearing of November 10, 2010, before Judge Dunlavey. Thompson had reported on this hearing in two articles, one published on November 11, 2010, and one published on November 14, 2010. As noted by the learned Majority, Judge DiPaolo filed a three-count complaint averring "libel with respect to a series of print and online articles and blogs published on November 14, 2010; November 28, 2010; April 16, 2011; and April 17, 2011." Majority Opinion, at 1. Thus, the November 11, 2010 article, which paraphrased Judge Dunlavey's "I am certain" comment at the hearing as "likely" in the article, was not cited as a basis for Judge DiPaolo's libel claims. In fact, Judge DiPaolo averred that Thompson's November 11, 2010 article was "a fair report of the proceedings and did not in any way intimate or suggest that Judge Dunlavey questioned Judge DiPaolo's practices in the proceeding." Amended Complaint, 12/28/11, at ¶ 57. Accordingly, Thompson's notes for the November 11, 2010 article are not crucial to Judge DiPaolo's case.

The trial court also ordered the production of an unpublished spreadsheet prepared by reporters Palatella and Maciag. The spreadsheet purportedly contained collected data and analysis of the hundreds of Unicredit cases filed in Judge DiPaolo's court, some of which were from outside of Judge DiPaolo's jurisdiction. According to Judge DiPaolo, the April 17, 2010 article "ran a purportedly 'in-depth' report on Judge Dipaolo's office and the Unicredit cases, titled: "Judge's cases from outside district,'" suggesting that his handling of the Unicredit cases was improper because some of the debtors were not located in his ward and because he had familial relationships with some of the debtors and Unicredit's president. Amended Complaint, 12/28/11, at ¶¶ 92, 99, 101, 102. Judge DiPaolo further averred that the challenged April 17, 2010 article was "published within a month before the primary elections, in which Judge DiPaolo was running for reelection both the Republican and Democratic ticket." Amended Complaint, 12/28/11, at ¶ 95.

As Appellants contend, Judge DiPaolo did not assert that the spreadsheet contained inaccurate or defamatory information. Appellants' Brief at 23. Thus, its relevance is unproven. Moreover, Judge DiPaolo has not provided any showing—let alone a strong one— that he could not obtain by alternative means the data purportedly contained in the spreadsheet concerning cases filed in his own office. Finally, Judge DiPaolo has failed to

demonstrate how the spreadsheet is crucial to a defamation claim based on the April 17, 2010 article.  **Davis**, 705 A.2d at 885.

Accordingly, I respectfully dissent.